UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY GRAHAM; MICHAEL GRAHAM,
and all others similarly situated,

      Plaintiffs,

v.                                      CASE NO. 3:12-cv-793-J-32JBT

RENESSENZ LLC *et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement ("Motion") (Doc. 24), which was referred to the undersigned for a report and recommendation (*see* Doc. 21). The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the undersigned recommends that the Motion be **GRANTED**, the Settlement Agreement be **APPROVED**, and the claims against Defendants Renessenz LLC, Pinova Holdings, and Vincent Noble (collectively, "Settling Defendants"), be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

1

**DISMISSED with prejudice**.[2]

**I.     Background**

Plaintiffs brought this action pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, on behalf of themselves "and all others similarly situated."[3] (Doc. 1.) Plaintiffs sought to recover, *inter alia*, overtime compensation, liquidated damages, attorney's fees, and costs for Defendants' alleged failure to compensate them at the statutory rate of one and one-half times their regular rate of pay for any overtime hours worked, and to pay them the federally mandated minimum wage. (*Id.* at 3-5.) The Settling Defendants denied that Plaintiffs were entitled to any of the damages or relief sought and asserted the affirmative defense of full payment. (Doc. 4.)

On February 28, 2013, Plaintiffs and the Settling Defendants filed a Joint Notice of Settlement and Voluntary Dismissal with Prejudice as to Certain Defendants. (Doc. 20.) On March 5, 2013, the Court entered an Order directing the parties to file the terms of their proposed settlement no later than March 22, 2013,

---

[2] This Report and Recommendation does not address the claims against Defendants Hall Building Maintenance, Inc. and Willie J. Hall. A default was entered against Hall Building Maintenance, Inc. on February 15, 2013. (Doc. 19.) The case has been stayed as to Willie J. Hall since December 21, 2012 in light of his bankruptcy petition. (Doc. 13.) Currently pending before the Court is Plaintiffs' Motion to Lift Automatic Bankruptcy Stay as to Defendant Willie Hall, Enter Default as to Willie Hall and to Set Scheduling Order on Damages Phase for Hall Defendants (Doc. 29).

[3] Although Plaintiffs filed this case on behalf of "all others similarly situated," no other allegedly similarly situated individuals have joined in this case as plaintiffs.

and referring the matter to the undersigned for the preparation of a report and recommendation as to whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. (Doc. 21 at 1.) On March 7, 2013, the Settling Defendants filed the parties' proposed Settlement Agreement and Release ("Settlement Agreement"). (Doc. 22-1.) On March 11, 2013, the Court entered an Order directing the parties to file, no later than April 1, 2013, a joint motion to approve settlement setting forth the following: what the original amounts of Plaintiffs' claims were; what the disputed issues were; what the compromise was and why it was reasonable; whether Plaintiffs were being compensated for both overtime wages and liquidated damages and, if so, what the amounts of liquidated damages and wages were; what portion of the settlement amounts represented attorney's fees and costs, and whether that portion was negotiated separately from the amount to be paid to Plaintiffs. (Doc. 23.)

On March 21, 2013, the parties filed the present Motion requesting Court approval of their Settlement Agreement and dismissal of the claims against the Settling Defendants with prejudice. (Doc. 24.) The Motion provided, *inter alia*: "By a separate filing, counsel for Plaintiffs is submitting the time records and other billing information required by the Order." (*Id.* at 4.) However, Plaintiffs' counsel did not timely file the subject records and other information. Thus, on April 4, 2013, the Court entered an Order directing the parties to file, no later than April 12, 2013, any records and/or information not included in the Motion, including but not limited to

3

Plaintiffs' counsel's contemporaneous time records and a statement whether the attorney's fees and costs were negotiated separately from the amounts to be paid to Plaintiffs. (Doc. 25 at 2.) On April 8, 2013, the Settling Defendants responded to that Order by stating that the amount for attorney's fees and costs was not negotiated separately from the amounts to be paid to Plaintiffs. (Doc. 26 at 1.) On June 25, 2013, Plaintiffs also filed a response to the Court's April 4, 2013 Order, which they titled "Plaintiffs' Agreed Motion to Approve Settlement with Renessez, Inc. [sic]; Pinova Holdings, LLC [sic]; and Vincent Nobles [sic] and Incorporated Memorandum of Law." (Doc. 28.) The undersigned considers the information presented in the Motion (Doc. 24), the Settling Defendants' response (Doc. 26), and Plaintiffs' response (Doc. 28), in determining whether the Settlement Agreement should be approved.

**II.    Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer

under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

### III.   Analysis

The Settlement Agreement provides, *inter alia*, that each Plaintiff will receive $1,250.00, which includes attorney's fees and costs. (Doc. 22-1 at 3.) The Motion clarifies that "[t]he settlement proceeds have been allocated $750 to Plaintiff Mary Graham; $750 to Plaintiff Michael Graham; $350 to costs (court filing fee); and $650 to attorneys' fees." (Doc. 24 at 2.) The Motion also provides:

> 2.   . . . [T]his action did involve disputed issues and the parties submit that the settlement reflects a "reasonable compromise" of those

issues and should be approved by this Court.

3. . . .

    b.    Plaintiffs do not disagree with the factual statements made by the Settling Defendants in paragraph 4 below . . . .

4.    From the perspective of the Settling Defendants, the Settlement Agreement is fair and reasonable because:

    . . .

    b.    Neither of the Plaintiffs was ever employed by the Settling Defendants. . . .

    c.    Defendant Renessenz contracted with a vendor to provide cleaning services. Plaintiffs came on the business premises of Renessenz pursuant to that contract in January and February of 2012;

    d.    When entering and exiting the business premises of Renessenz, Plaintiffs were required to sign in and out at the security office. . . .

    e.    From the security records it is clear that neither Plaintiff was on the business premises of Renessenz for more than forty hours in any one week. Thus, neither Plaintiff is entitled to any amount of overtime compensation;

    f.    Plaintiff Mary Graham was on the business premises of Renessenz for a total of 94 hours and 1 minute during January and February of 2012;

    g.    Plaintiff Michael Graham was on the business premises of Renessenz for a total of 93 hours and 11 minutes during January and February of 2012;

    h.    Applying the applicable federal minimum wage rate to the hours set forth in paragraphs f and g above results in a total of $682 for Plaintiff Mary Graham and $676 for Plaintiff Michael Graham;

    i.    Given that the Plaintiffs were not employed by the Settling Defendants and that the Settling Defendants are confident that they would not be found liable for the payment of any amounts to Plaintiffs, the settlement of $2,500 in total represents a fair and reasonable compromise of disputed issues; and

    j.    The Settling Defendants agreed to the settlement in order to save the expenses of litigation.

(Doc. 24 at 2-4.)

Further, Plaintiffs' response provides in relevant part:

> There was a bona fide dispute as to whether those Defendants were "employers" of Plaintiffs under the FLSA, or simply working on their premises for the Hall Defendants, and whether the Plaintiffs were entitled to overtime and/or minimum wage damages, based upon the record evidence available. . . .
>
> To the point of settlement, the Plaintiffs' counsel had logged approximately 6.2 hours in investigation, research, client meetings, counsel conferences, and in pleading and document preparations. The undersigned has been a member of The Florida Bar since 1994, successfully prosecuted his first Middle District of Florida employment case in 1995, and his normal attorney's fees are billed at $325.00 per hours [sic]. Here the undersigned agreed to attorney's fees in the amount of $650.00 and costs of $350.00.

(Doc. 28 at 2.)

The undersigned has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355. Plaintiffs' recovery ($750 for each Plaintiff) appears reasonable given the disputed issues in this case (*i.e.*, whether the Settling Defendants were Plaintiffs' "employers" under the FLSA and whether Plaintiffs would be entitled to overtime compensation and/or minimum wage damages from the Settling Defendants). Moreover, Plaintiffs are represented by an attorney. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that

counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 Fed. App'x at 351. Here, both prongs are satisfied. First, no conflict of interest taints the amounts to be recovered by Plaintiffs. The undersigned has already concluded that the settlement amounts to be paid to Plaintiffs appear reasonable. In addition, there is no reason to believe that Plaintiffs' recovery ($1,500) was affected by the amount of attorney's fees and costs agreed upon. The agreed upon fee of $650 is for 6.2 attorney hours spent on the case, which equates to an hourly rate of $105, a significantly below-market rate. *See, e.g.*, *Natera v. Mastercorp of Tennessee, Inc.*, 2009 WL 2765878, *5 (M.D. Fla. Aug. 27, 2009) (stating that "the going rate for FLSA work in this district is between $150 and $250 an hour"). Nevertheless, counsel is being adequately compensated. Moreover, the 6.2 hours expended on the case by Plaintiffs' counsel appears reasonable.[4] Finally, the amount of $350 in costs for the filing fee is clearly reasonable.

Because both aspects of the *Silva* attorney fee inquiry are satisfied and the Settlement Agreement is otherwise reasonable, the undersigned recommends that the Motion be granted.

Therefore, it is respectfully **RECOMMENDED** that:

---

[4] Although Plaintiffs' counsel has not filed his contemporaneous time records with the Court, in light of the small amount of the fee and Plaintiffs' counsel's representations, the undersigned recommends that the Settlement Agreement nevertheless be approved.

1. The Motion (**Doc. 24**) be **GRANTED**.

2. The Settlement Agreement be **APPROVED**.

3. The claims against the Settling Defendants (Renessenz LLC, Pinova Holdings, and Vincent Noble) be **DISMISSED WITH PREJUDICE**.

**DONE AND ENTERED** at Jacksonville, Florida, on July 3, 2013.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record